UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGEPORT MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAKE MATHEWS MINERAL PROPERTIES, LTD., et al., <br><br> Defendants. | Case No. 14-cv-00070-JST <br><br> **ORDER DENYING APPLICATION FOR ENTRY OF DEFAULT, SETTING BRIEFING SCHEDULE, DENYING MOTION FOR ENLARGEMENT OF TIME AS MOOT** <br><br> Re: ECF Nos. 8, 21 |

Petitioner seeks entry of default on its Petition to Compel Arbitration, Pet., ECF No. 1, Mot., ECF No. 8, and Respondents seek an enlargement of time to respond to the Petition, ECF No. 21. The parties seek relief premised on a misinterpretation of the nature of a petition to compel arbitration filed pursuant to 9 U.S.C. § 4. The Court will deny both motions and set a briefing schedule on the Petition.

**I.     FACTS**

Petitioner Bridgeport Management, Inc. filed its Petition to Compel Arbitration on January 6, 2014, against Lake Mathews Mineral Properties, Ltd. and Lawrence Holmes Senior Mining, Inc. ECF No. 1. The Petition seeks an order compelling Respondents to arbitrate a contract dispute between the parties arising out of Respondents' alleged failure to pay sums owed under the contract. The Petition asserts subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1332 diversity jurisdiction because Petitioner and Respondents are diverse and the amount in controversy exceeds $75,000.

On January 6 and 8, 2014, Petitioner caused to be issued two summonses ordering Respondents to respond within five days of service of the summons rather than the twenty-one days listed on the Court's form summons and required by Federal Rule of Civil Procedure 12. ECF Nos. 2, 5. According to the certificates of service filed by Petitioner, the summonses were

1  served by personal service on Respondents on January 13, 2014.  ECF Nos. 6, 7.

2        On January 22, 2014, seven days after service of the summonses, Petitioner filed a
3  "Motion for Default and Entry of Order for Arbitration" moving the Court pursuant to Rule
4  5(a)(2) for an order of default for Respondents' failure to respond to the summons, and for an
5  order compelling Respondents to arbitrate the dispute.  ECF No. 8.  The motion argues that
6  Respondents were required to respond to the summons within five days pursuant to 9 U.S.C. § 4.

7        The next day, Respondents' counsel, Shirley Smith, filed a letter addressed to the
8  Magistrate Judge then assigned to this action stating that the summons' return date was unlawfully
9  altered, and "to beg for an extension of the date for Defendants' Response to Plaintiff's Petition to
10  21 Court days from service of the Summons -- February 12, 2014."  ECF No. 12 at 2.  Petitioner
11  filed an objection to the letter opposing Respondents' request for additional time.  ECF No. 13.

12        The Clerk issued a request for the parties to complete their forms for consent/declination to
13  proceed before a magistrate judge on January 27, 2014.  On February 12, 2014, Respondents filed
14  a declination to proceed before a magistrate judge.  ECF No. 19.  Petitioner filed a response
15  arguing that Respondents' declination was invalid because they were in default.  ECF No. 20.

16        On the same day, February 12, 2014, Respondents filed a motion extending the time to
17  respond to the Petition to March 6, 2014, due to Respondents' counsel's medical issues.  ECF No.
18  21.  The matter was reassigned to this Court on February 14, 2014.  ECF No. 24.

## II. ANALYSIS

Petitioner has argued that it was entitled to alter the response deadline on the summonses to five rather than twenty-one days by virtue of 9 U.S.C. § 4, which sets forth the procedure for petitions to compel arbitration, and states, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.  *Five days' notice* in writing of such application shall be served upon the party in default.  Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure.  The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement . . . .  If the making of the arbitration agreement or the failure,

2

> neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

Further, Petitioner argues that Respondents' failure to respond within five days entitled Petitioner to entry of default against Respondents. The confusion between the parties stems from the Federal Arbitration Act's ("FAA") reference to "five days' notice." Petitioner argues that Respondents were required to respond within five days, in sole reliance on the First Circuit's decision in Unionmutual Stock Life Ins. Co. of Am. v. Beneficial Life Ins. Co., 774 F.2d 524, 526 (1st Cir. 1985).

In Unionmutual, the respondent received notice of a petition to compel arbitration, and the petitioner filed a "motion in district court requesting a hearing on the previously filed petition" ten days later. Id. at 525. That hearing was held four days after that, which was less than the twenty-one day deadline for responding to a civil complaint provided for by Federal Rule of Civil Procedure 12. The respondent moved to dismiss the petition at the hearing due to improper service, arguing that the respondent was entitled to a twenty-one-day response window. The First Circuit held that the district court properly denied the motion because the respondent "was on notice that a hearing on the order compelling arbitration could be held by the district court any time" after the fifth day after service. Id. at 526.

Petitioner misreads Unionmutual. Nothing in Unionmutual suggests that the respondent is not entitled to place "in issue" the making of the agreement or the failure to comply with it at the hearing, or in writing, by virtue of a failure to respond within five days. Instead, the decision makes clear that the function of the FAA's five-day notice provision is to prevent courts from issuing an order compelling arbitration without first affording the respondent five days' notice of the hearing. Several courts, some relying on Unionmutual, have confirmed this interpretation. See, e.g., Mariner Healthcare, Inc. v. Green, No. 04-cv-246, 2005 WL 1683554, at *1 (N.D. Miss. July 19, 2005) ("This court agrees with the federal courts which have interpreted the notice provision in the FAA as requiring the party opposing arbitration to be given five days' notice before a *hearing* is held regarding an application for arbitration. In the case at bar, no hearing on a petition to compel arbitration was held on less than five days' notice, and the court therefore concludes that no violation of the FAA's notice requirement occurred in this case.") (citations

omitted); <u>Roque v. Applied Materials, Inc.</u>, No. 03-cv-1564-ST, 2004 WL 1212110, at *4 (D. Or. Feb. 20, 2004) ("First, the five day notice period in § 4 of the FAA requires the party opposing arbitration to be given five days' notice before a hearing is held regarding the application for arbitration. It does not require that the party be given five days' notice from the date the application is made."); <u>Coughlin v. Shimizu Am. Corp.</u>, 991 F. Supp. 1226, 1230 (D. Or. 1998) ("The motion [to compel arbitration] was originally put on the court's calendar for August 18, 1997. Consequently, Coughlin had more than the five days of required notice."); <u>24 Hour Fitness, USA, Inc. v. Bratten</u>, No. 11-cv-03198-JLK, 2012 WL 3399270, at *2 (D. Colo. Aug. 14, 2012) ("Section 4's five-day notice provision does not require a party to complete service within five days of filing a petition to compel arbitration. It merely requires a party to complete service five days before any decision on the merits of that petition."). In other words, the five-day notice provision is not a requirement imposed on Respondents, but on Petitioner — it sets a minimum amount of time before a Petitioner may obtain an order compelling arbitration.

Petitioner's efforts to secure a default betray a more fundamental misinterpretation of the statute. The FAA provides for petitions to be treated as motions, not complaints. <u>See</u> 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."). Thus, petitions to compel arbitration filed as instituting suit are not "actions" to which responsive "pleadings" are possible in the first instance. <u>See</u> <u>ISC Holding AG v. Nobel Biocare Fin. AG</u>, 688 F.3d 98, 112 (2d Cir. 2012) ("[Respondent] could not have filed an answer here, any more than [Petitioner] could have filed a complaint."). In <u>ISC Holding</u>, the Second Circuit held that Rule 41's provision for voluntary dismissals did not apply to petitions to compel arbitration filed as the instituting document of a suit. Similarly, here, the Court is not aware of any authority holding that Rule 55's provisions for default or default judgment are applicable to petitions to compel arbitration. While motions may be unopposed, default judgment does not enter upon a party's failure to respond to the motion. For this reason, Petitioner's application for entry of default will be denied.

The foregoing authorities make clear that where a party institutes suit by filing a petition to

4

compel arbitration without filing a concurrent complaint, the petition is treated, under the FAA, as a motion. A summons may issue because the FAA provides for the manner of service to comport with service under Federal Rule of Civil Procedure 4, but the summons' effect is to provide the statutorily required notice, not to require a response on pain of default. A court may then compel the respondent to arbitrate as early as five days from the date of service. However, as a practical matter, courts in this district will not hear the matter on five days' notice absent an order shortening time because this district utilizes a thirty-five day motion calendar; regardless, Petitioner failed to notice a hearing at all. See Civil L.R. 7-2(a) ("[A]ll motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion."). Nor did Petitioner file a separate motion and notice of hearing pursuant to Local Rules 7-1 and 7-2. Thus, the five-day notice provision is irrelevant, as no hearing has yet occurred.

Further, because Petitioner failed to notice its Petition for hearing (which appears to be what Petitioner sought from the beginning) pursuant to Local Rule 7-2(a), Respondents were not required to respond within the fourteen-day deadline provided for by Local Rule 7-3(a), either. The Petition was, in essence, an improperly filed and improperly noticed motion, and it did not impose on Respondents any obligations to respond. Its only effect was to open the case file. If Petitioner wanted more, it was obligated to request more — such as by filing a separate motion to compel, or by noticing a hearing in compliance with the Court's local rules. For these reasons, the Court will deny Respondents' motion to enlarge time as moot.

### III. CONCLUSION

Petitioner's application for entry of default and Respondents' motion for enlargement of time are both DENIED. Petitioner shall file either a motion to compel arbitration or a notice of hearing on the Petition to Compel Arbitration within thirty days from the date of this Order, after

/ / /

/ / /

/ / /

/ / /

1  which the local rules shall govern Respondents' deadline to respond, Petitioner's deadline to file a
2  reply, and the date on which the motion shall be heard.
3     **IT IS SO ORDERED.**
4  Dated: March 6, 2014

_____
JON S. TIGAR
United States District Judge